UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN JAY LACEY,

        Plaintiff,

-against-

SURE SHOT BOOKS PUBLISHERS L.L.C.,

        Defendant.

24-CV-2406 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is incarcerated in Indiana, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint against Defendant, a publishing entity located in Nyack, New York, asserting claims arising under state law and seeking $900 in compensatory damages. By order dated May 28, 2024, the Court dismissed the complaint with leave to replead to provide facts showing that the Court has subject matter jurisdiction of this action. (ECF 10.) Plaintiff filed an amended complaint on November 4, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

    In the original complaint, Plaintiff alleged that Defendant failed to fulfill several orders that he placed for books and magazine subscriptions, for which he sent advance payment of $321.59. (ECF 1 at 1-2.) In response to Plaintiff's inquiries about his orders, Defendant claimed either that it never received the orders, or that Plaintiff had sent insufficient payment. (*Id.* at 4.) Plaintiff alleged that Defendant committed petit larceny and attempted petit larceny, in violation of New York Penal Law § 155.25 and § 110/155.25, and he sought $900 in compensatory damages. (*Id.* at 4.)

By order dated May 28, 2024, the Court dismissed the complaint for lack of subject matter jurisdiction, for the following reasons: (1) federal question jurisdiction was lacking under 28 U.S.C. § 1331, because Plaintiff's allegations that Defendant failed to send written materials for which he had paid did not implicate a claim under federal law; and (2) diversity of citizenship was lacking under 28 U.S.C. § 1332, because Plaintiff's allegations that he sent Defendant $321.59 for orders that were not fulfilled, for which he sought $900 in damages, did not satisfy the statutory jurisdictional amount of $75,000. (ECF 10.)

Plaintiff filed an amended complaint on November 4, 2024, (ECF 17), but it does not remedy the deficiencies set forth in the order of dismissal. Plaintiff reiterates his claim that Defendant failed to fulfill orders for which Plaintiff prepaid and for which he claims $900 in compensatory damages. The amended complaint fails to establish that Plaintiff's claim meets the statutory jurisdictional amount, and thus the Court lacks diversity of citizenship jurisdiction of this matter.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   December 10, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge